UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Scott Martin Boehlke and					Case No. 07-26788-svk
Tricia Lynn Boehlke,						Chapter 7

			Debtors.

		Memorandum Decision and Order on U.S. Trustee's Motion to Dismiss

      The U.S. Trustee has moved to dismiss this Chapter 7 case under § 707(b) of the Bankruptcy Code as an abuse of the provisions of Chapter 7. Section 707(b) was completely overhauled by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), to add a "means test" as a prerequisite to qualification for Chapter 7 bankruptcy. In order to perform the means test, Chapter 7 debtors are required to complete a Form B22A. Basically, the debtor's current monthly income is calculated and a determination is made whether the debtor's income is above or below the state median. If the debtor's income is above the median, the debtor is allowed to deduct certain expenses. Once the allowed deductions are made, if the bottom line shows that the debtor has more than $182.50 per month left over, the debtor's case is presumed an abuse of Chapter 7. If this "presumption of abuse" arises, unless the debtor can demonstrate special circumstances, the debtor's Chapter 7 case must be dismissed, or, with the debtor's consent, converted to Chapter 13. The issue in this case is whether the debtor's vehicle lease payments are an appropriate expense that can be deducted as a secured claim on Lines 23(b) and 42 of Form B22A.

					Facts

      Scott and Tricia Boehlke (the "Debtors") filed a voluntary Chapter 7 petition on August 29, 2007. They lease a 2007 Chevrolet Tahoe from GMAC under a 48 month lease with a buyout at the end of the term for $28,490. The Debtors placed the lease payment of $785 on Line 42(e), calling for the average monthly payment on secured claims. They then carried this amount over to Line 23(b), which calls for "the average monthly payment for any debts secured by Vehicle 1, as stated in Line 42." The U.S. Trustee argues this deduction is for secured debt, not leases, and further contends that the correct amount is zero because a lease is not a secured transaction. The Debtors respond that they should be entitled to deduct the lease payment as a secured claim, because lease/ownership expenses are allowed to be deducted on Line 23, and vehicle lease payments, a legitimate family expense, must be deductible somewhere. The Debtors contend that if the lease payments are not deductible on Line 42, then they should be deductible on Line 56, which allows the debtor to deduct other expenses required for debtor's health and welfare under § 707(b)(2)(A)(ii)(I). The Debtors have not claimed that the lease is not a true lease. The Court invited the Debtors to submit case law authority in support of their position, but they have not provided any. The Court's own research did not find any cases supporting the Debtors' position.

Analysis

The starting point in interpreting any statute is the language of the statute itself. *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989). Where the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Id.* The statute here is § 707(b) of the Bankruptcy Code, specifically § 707(b)(2)(A) which provides that to determine whether abuse of Chapter 7 exists, the amounts calculated under clauses (ii), (iii) and (iv) are deducted from the debtor's current monthly income. The specific clause under which the Debtors have deducted their lease payments is § 707(b)(2)(A)(iii), which provides the calculation for the debtor's "average monthly payments on account of secured debts." Under this provision, the debtor is allowed to deduct 1/60 of (a) the total of all amounts scheduled as contractually due to "secured creditors" in the 60 months following the date of the petition; and (b) any additional payments to secured creditors to maintain possession of the debtor's primary residence, motor vehicle or other necessary property, "that serves as collateral for secured debts." 11 U.S.C. § 707(b)(2)(A)(iii).

Applying the plain, unambiguous language of the statute, the Debtors' lease payments are not payments on secured debt, and cannot be deducted under § 707(b)(2)(A)(iii). The language of the statute is limited to secured claims, and GMAC's claim against the Tahoe is not a secured claim, it is a lease claim. *Cf.* 11 U.S.C. §§ 506, 502(g). The distinction between leases and secured claims is readily apparent in the Bankruptcy Code. For example, § 365 provides for the treatment of unexpired leases. New § 365(p), added by BAPCPA, specifically deals with the assumption of personal property leases by individual consumer debtors. New § 362(h)(1) provides conditions under which the automatic stay may be terminated "with respect to personal property of the estate or the debtor securing in whole or in part a claim, or subject to an unexpired lease." The section goes on to state that if the debtor does not timely redeem or reaffirm the debt secured by the property or assume the unexpired lease pursuant to § 365(p), the stay will be terminated. In sum, unexpired leases and secured claims are differentiated in other parts of the statute. Had Congress meant for the debtor to deduct lease payments in addition to secured claims in determining whether abuse exists under § 707(b), Congress clearly knew how to do that. Instead, the plain language of the statute allows the debtor to deduct the applicable monthly expense amounts specified under the Local Standards for leasing or ownership expenses of up to two vehicles, but not to deduct vehicle lease payments themselves.

That the Debtors could have deducted the payments on the Tahoe if they had financed rather than leased the vehicle is somewhat curious, but it does not make the statute absurd. This dichotomy has been recognized by the commentators since the advent of BAPCPA. As Judge Wedoff noted:

> The most striking feature of the deduction for secured debt is how, in combination with the IRS National and Local Standards, it discriminates against debtors who rent rather than own their property. Debtors whose financial situation is in every other respect the same will be treated very differently under the means test depending on this variable. Those who rent their living space and lease their automobiles have allowances for housing and transportation strictly limited by the IRS Local Standards, but those who have mortgages and auto loans are allowed whatever the monthly cost of their homes and vehicles may be, as long as they are encumbered by substantial secured debt.

2

Hon. Eugene R. Wedoff, *Means Testing in the New 707(b),* 79 Am. Bankr. L.J. 231, 274 (2005).

The Debtors do not claim that the Tahoe lease is not a true lease. They listed the lease in their Schedule of Executory Contracts and Unexpired Leases. Had the lease been a disguised security agreement, the debtors would have had an argument that the payments were deductible as a payment on a secured debt. Since this vehicle lease is a lease, it is not deductible on line 42 of the B22A means test form, and cannot be carried over to line 23(b).

The Debtors are allowed to deduct the "IRS Transportation Standards, Ownership Costs" on Line 23(a). However, they are not allowed to deduct the lease expenses as a secured claim on Line 42, and accordingly cannot carry that amount over to Line 23(b). The Debtors' argument that the title of the deduction as "Ownership/Lease expense" implies that they can deduct the lease payments on Line 23(b) fails. The deduction on Line 23(a) is for the Local Standard ownership or lease expense, but the deduction on Line 23(b) is derived from Line 42, and is limited to secured claims, not leases. Similarly, the Debtors cannot deduct the lease payment on Line 56, as that deduction is reserved for special expenses described in § 707(b)(2)(A)(ii)(I), including amounts necessary to maintain the safety of the debtor and debtor's family and additional food and clothing allowances, if appropriate. This section is not a "catchall" to deduct items such as vehicle lease payments that are not deductible elsewhere in the means test.

## Conclusion

The Debtors cannot deduct their vehicle lease payments as a secured claim on Line 42 of the Form B22A and then carry that amount over to Line 23(b). Similarly, they cannot deduct the vehicle lease payment on Line 56 as an additional health and welfare expense allowable under § 707(b)(2)(A)(ii)(I). The Debtors *can* deduct the IRS Local Standard ownership/lease expense on Line 23(a). Without the deduction of the vehicle lease payments, the Court understands that the Debtors have conceded that the presumption of abuse arises, and the Debtors do not have any special circumstances which would rebut the presumption of abuse. Accordingly, the Debtors must either voluntarily convert to Chapter 13 or this case must be dismissed.

IT IS THEREFORE ORDERED: if the Debtors do not file a Motion to Convert this case to Chapter 13 on or before February 14, 2008, this case will be dismissed on February 15, 2008.

Date: January 30, 2008

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge